UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARYAM KHAN, SARAH KHAN, JANE DOE 1, JANE DOE 1, JOHN DOE, Plaintiffs<br><br>V.<br><br>CITY OF HARTFORD, COREY CLARK, GERALD D. MORGAN, and RODNEY HARRIS, Defendants | CIVIL ACTION NO.<br><br>3:24-cv-01120-VAB<br><br><br><br><br><br><br><br>DECEMBER 12, 2024 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Fed. R. Civ. Proc. Rule 12(b)(6) and Local Rule 7(d), the defendants, City of Hartford, Corey Clark, Gerald Morgan and Rodney Harris, in their official capacities only, respectfully submit their reply memorandum to Plaintiffs' Opposition Memorandum dated December 2, 2024 [ECF No. 25], as follows:

**ARGUMENT IN REPLY**

The Plaintiffs' complaint lacks factual plausibility.[1] "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct.

---

[1] Any additional "facts" contained in the opposition brief but not in the Plaintiffs' complaint should be disregarded by this Court. [ECF No. 25, pp. 1-6]. The Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Williamson v. Psychiatric Sec. Review Bd.,* No. 3:13-CV-00578 VLB, 2014 WL 3956692, at *5 (D. Conn. 2014), quoting *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir.2007).

1

1937, 1949, 173 L.Ed.2d 868 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (internal quotations omitted).  The Plaintiffs' complaint does not allege facts sufficient to assert a plausible *Monell* claim against the City and Defendant Officers.

### A. COUNT ONE: Section 1983 Monell claim

#### 1. *No constitutional violation*

Plaintiff alleges that the Defendants failed to provide adequate security at a private event and to properly investigate the crime committed against her.  Defendants argue this claim should be dismissed because these purported failures do not constitute constitutional violations. On that point, Plaintiffs waived any argument in opposition by failing to brief the issue raised. *Jajati v. JPMorgan Chase Bank, N.A.*, 711 F.Supp.3d 169, 2024 WL 99659, at *2 (E.D.N.Y. Jan. 9, 2024), citing, *e.g., Azeez v. City of New York*, No. 16-cv-342, 2018 WL 4017580, at *6 (E.D.N.Y. Aug. 22, 2018) ("Ordinarily, any issues not addressed in an opposition brief are deemed abandoned by the party opposing the motion."); *Flanagan v. Girl Scouts of Suffolk Cnty., Inc.*, No. 21-cv-7513, 2023 WL 6594885, at *8 (E.D.N.Y. Aug. 25, 2023) (holding that plaintiff's failure to address an argument in opposition to defendants' motion to dismiss "amounts to a concession of th[e] argument").

 Plaintiffs argue that Defendants violated their Fourth and Fourteenth Amendment rights to substantive due process and equal protection. On these claims, Plaintiffs fail to address the Defendants' argument that the Fourteenth Amendment clause does not

2

require the State "to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney*, 489 U.S. at 195, 109 S.Ct. 998. *Doe v. Town of Greenwich*, 422 F. Supp. 3d 528, 539 (D. Conn. 2019).[2] By their failure, Plaintiffs have waived any argument in opposition to the City's motion on that issue. *Jajati,* supra, 2024 WL 99659, at *2, citing, *e.g., Azeez,* supra, at *6 (E.D.N.Y. Aug. 22, 2018); *Flanagan v. Girl Scouts of Suffolk Cnty., Inc.*, No. 21-cv-7513, 2023 WL 6594885, at *8 (E.D.N.Y. Aug. 25, 2023).

On the equal protection clause claim, Plaintiff Khan summarily claims that she was allegedly "mistreated" in this single incident, and that Hartford police have "a history of mistreating women of color, including women of the Muslim faith" and is "part of a systemic pattern of discrimination by HPD against women of color." [ECF No. 14, p. 5, ¶¶¶¶26-29].

The Equal Protection Clause provides that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. " 'The Equal Protection Clause may be violated by selective enforcement or selective adverse treatment. In order to state such a claim, a plaintiff must allege (1) that he or she was treated differently from other similarly situated individuals, and (2) that the treatment was based on impermissible considerations such as [inter alia] race.' " *Arias et al v. East Hartford et al*, No. 3:20-CV-00895 (JCH), 2021 WL 3268846, at *8 (D. Conn. July 30, 2021) (quoting *Bush v. City of Utica, N.Y.*, 558 F. App'x 131, 134 (2d Cir.

---

[2] Plaintiffs' complaint fails to allege any one of the two exceptions to this general rule. Plaintiffs argue there is a "special relationship" exception because they were third party beneficiaries to a contract, however failed to plead the terms of the agreement nor is it attached to the complaint.

2014)). With respect to the first element, the plaintiff must minimally establish that they and the person with whom they compared themselves " 'are similarly situated in all material respects, or that a prudent person looking objectively at the incidents would think them roughly equivalent.' " *Musco Propane, LLP v. Town of Wolcott*, 891 F. Supp. 2d 261, 274 (D. Conn. 2012), *aff'd sub nom. Musco Propane, LLP v. Town of Wolcott*, 536 F. App'x 35 (2d Cir. 2013) (quoting *Missere v. Gross*, 826 F. Supp. 2d 542, 561 (2011)).

    First, the Complaint lacks any specific factual allegations to demonstrate how she and others were treated differently from individuals "similarly situated in all material respects." Plaintiffs name no such individuals, but rather conclude that they exist. (referring to "other women of color, of Muslim faith" without naming one person or even describing them). The Complaint is devoid of facts on how the City or these Defendant Officers were involved in the scheme, whether these actors represented a large or small share of City police officers, the frequency with which these officers assisted in discriminatory enforcement practices, or any other facts that might indicate the extent to which City personnel were involved. As a result, it is entirely unclear whether Defendants' alleged mistreatment of the Plaintiffs is the product of a few rogue officers, a department-wide effort, or something in between. Likewise, the allegations of this one incident involving the plaintiffs do not raise a plausible inference that senior policymaking officials should have known of the discriminatory enforcement practices. There is therefore no basis for concluding that these insufficiencies were made "with sufficient frequency or in such a manner that the attitude would have been known to supervisory personnel." *Jones v. Town of East Haven*, 691 F.3d 72, 82 (2d Cir. 2012).

Further, the Complaint is devoid of any indication that it was the Plaintiff's religion, race or ethnicity that caused officers to conduct the purportedly insufficient security or investigation.  Aside from conclusory allegations of "discrimination" by them, there are no factual allegations to suggest that any of the Defendant Officers communicated a discriminatory attitude directly to the plaintiffs or to senior policymaking officers in a manner that should have made senior policymaking officers aware of any discriminatory animus. The record is, therefore, "entirely devoid of allegations that could support a reasonable inference that the defendant officers treated [the] plaintiff[ ] differently because of [her] race." *Arias et al v. East Hartford et al*, No. 3:20-CV-00895 (JCH), 2021 WL 3268846, at *9 (D. Conn. July 30, 2021).

   2.  *Cintron v. Vaughn settlement agreement*

Plaintiff requests that this court take judicial notice of the case of *Jenkins v. City of Hartford,* 2024 WL 1157342 (D.Conn. 2024) and to the case of *Cintron v. Vaughn.*[3] In *Jenkins,* the Plaintiff, unlike here, specifically alleged that the City violated the *Cintron* settlement agreement and that this was sufficient to establish a custom or policy of deliberate indifference. The City filed a Rule 12(b)(6) motion to dismiss Ms. Jenkins's *Monell* claim which was granted by the district court.  [*See,* Exhibit A: Memo. of Dec., 3/18/24].   For all of the reasons set forth in the case of *Jenkins*, a citation to the *Cintron* case, a case that has been closed upon the parties reaching a settlement agreement in 2010, over eleven years ago, is insufficient to establish a custom or policy of the City of

---

[3] *Cintron v. Vaughn*, Civil Action No. 3:69-cv-13578-VLB, was closed on February 23, 2010.

5

Hartford for *Monell*.[4]  If anything, the Court's recent dismissal of the entire *Cintron* case, finding no cause why the case should not be dismissed, and its decision denying the Cintron plaintiff's motion for contempt, conclusively establishes that there is no evidence of any "policy, custom or practice," despite Plaintiffs conclusory characterizations and argument to the contrary.

"The mere assertion… that a municipality has … a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."  *Jean–Laurent v. Wilkerson*, 461 Fed. Appx. 18, 21 (2d Cir. 2012) quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993).  "Some degree of specificity is required in the pleading of a custom or policy on the part of a municipality."  *Thurman v. City of Torrington*, 595 F.Supp.1521, 1530 (D.Conn.1984).  "Mere conclusory allegations devoid of factual content will not suffice."  *Id.*

As there are no specific allegations other than the conclusory statements in plaintiff's opposition brief, they have failed to state a cause of action against the City with respect to a claim being brought under 42 U.S.C. Section 1983 and the First Count should be dismissed.  *See, Jenkins v. City of Hartford,* (Rule 12(b)(6) motion granted for failure to state Section 1983 Monell claim against the City of Hartford)*; Rogoz v. City of Hartford*, 2012 WL 4372189 (D.Conn. Sept. 24, 2012) (on similar allegations, the district court's grant of motion to dismiss under *Iqbal*).

---

[4] Also on February 19, 2010, the district court entered an order vacating the Special Master's findings and conclusions rendering them null and void and of no effect.  [Dkt. #230]. On April 14, 2023, the *Cintron* court dismissed the entire case, denied the *Cintron* Plaintiff's motion for contempt claiming a violation of the agreement, and conclusively found that the City of Hartford did not violate the settlement agreement and that there was therefore no good cause shown that the case should not be dismissed.  [Dkt. #292].

B. **COUNT TWO: Negligence claims against City of Hartford**

*1. Failure to plead compliance with notice to Town Clerk under C.G.S. §7-465*

The Plaintiffs fail to adequately brief opposition to well-established Connecticut law requiring they *plead* compliance with Connecticut statutory notice provisions contained in C.G.S. §7-465(a).

"In order to satisfy the elements of [a § 7–465] claim, the plaintiff must plead that ... he has satisfied the notice requirements of the statutory claim." *Chirieleison v. Lucas,* Superior Court, judicial district of Stamford–Norwalk, Complex Litigation Docket, Docket No. X08–CV–09–5012844–S (March 16, 2011, Brazzel–Massaro, J.). Numerous Superior Court decisions hold that a failure to allege compliance with the notice provisions renders a §7–465 claim legally insufficient and, thus, properly subject to a motion to strike.  See, e.g., *Jones v. Hartford,* Superior Court, judicial district of Hartford, Docket No. CV–95–0556220–S (December 17, 1996, Hennessey, J.) (18 Conn. L. Rptr. 420, 422) (holding that "an allegation of compliance with the notice provisions is required under [§ 7–465]"); *Santiago v. New Britain,* 42 Conn.Supp. 22, 23, 598 A.2d 373 (1991) [4 Conn. L. Rptr. 351] (striking counts alleging claims pursuant to § 7–465 when "the plaintiffs ... failed to allege that they ... filed the requisite notice with the city"); *Marino v. Benson,* Superior Court, judicial district of Fairfield, Docket No. CV–96–0335876–S (May 14, 1998, Stodolink, J .) (striking counts alleging claims pursuant to § 7–465 where the plaintiff's complaint was "devoid of any allegation that the required statutory notice was given" and "the plaintiff admitt[ed] in her opposition memorandum that notice was not alleged"); *Adams v. Cromwell, supra,* Superior Court, Docket No. CV–96–0563464–S (striking a § 7–465 claim because "the plaintiff has failed to plead

7

compliance with the notice provisions of [the statute]"). *See, Binkoski v. Spaulding*, No. CV126026967S, 2013 WL 7150059, at *2–3.

The Plaintiffs did not allege compliance. In fact, the exhibit Plaintiffs attach to their objection confirms that notice was *not* provided to the Town/City Clerk. [ECF No. 25-1]. Because the Plaintiffs have failed to plead compliance, they fail to state a claim under Connecticut law against the City for statutory indemnification under C.G.S. §7-465.

### 2. *No ministerial duty exception to the governmental immunity doctrine*

To avoid the governmental immunity doctrine, Plaintiffs argue Defendants were under a ministerial duty to perform under an agreement allegedly made between the City of Hartford and the XL Center. The Plaintiffs have not set forth the relevant terms of that agreement, nor have they attached a copy. Because the Plaintiffs have failed to plead the terms of the agreement that they argue (but failed to allege) created a ministerial duty mandating that police officers provide security directly to these Plaintiffs under these particular set of circumstances and without the use of any law enforcement discretion, on the face of the complaint, governmental immunity bars the negligence claim. *Dipane-Saleem v. Gallagher*, No. 3:15-CV-596 (MPS), 2016 WL 1060190, at *8 (D. Conn. Mar. 15, 2016).

### C. COUNT THREE: Plaintiff's Breach of Contact Claim vs. City

In Count Three, Plaintiffs allege a contract between the City of Hartford and the Islamic Center of Connecticut. The allegations of the complaint are insufficient to establish that the Plaintiffs were identified as direct third-party beneficiaries in the purported contract. "There is no law in Connecticut that supports an implied third

party beneficiary doctrine"; *Reyes v. Nautilus Ins. Co.,* Superior Court, judicial district of New Haven, Docket No. CV-10-6013254-S (March 6, 2012, Wilson, J.) [53 Conn. L. Rptr. 656]; nor is "the fact that a person is a foreseeable beneficiary of a contract ... sufficient for [them] to claim rights as a third party beneficiary." *Grigerik v. Sharpe,* 247 Conn. 293, 317-18, 721 A.2d 526 (1998).

The Plaintiffs' complaint is devoid of any facts that the contracting parties intended for there to be a direct obligation to them. See *Roncaioli v. Willard,* Superior Court, judicial district of Hartford, Docket No. CV-14-6047919-S (September 5, 2014, Huddleston, J.) (Rejecting a third-party claim where no facts alleged in the complaint establish any assumption of a direct obligation or promise to the claimed third party). Since there is no plausible claim of breach of contract based on third-party beneficiary status of the Plaintiffs alleged, this count should be dismissed.

### D. COUNT FOUR: Plaintiff's Title IX, 20 U.S.C. §1681 Action

On the Title IX claim, Plaintiffs fail to adequately brief the arguments contained in Defendants' motion to dismiss and any opposition should be deemed abandoned. The Plaintiff's citation to a website that purportedly states that the City of Hartford is an educational institution because it "runs the Hartford Public Schools District," is insufficient argument to withstand dismissal of Count Four for the reasons more particularly set forth in the Defendants' memorandum in support of dismissal.

### E. Prayer for Relief

The Plaintiffs do not oppose the Defendants' motion to dismiss Plaintiffs' claim for punitive or exemplary damages. The Defendants' motion should be granted because the Plaintiffs have abandoned any opposition. *Jajati,* supra, 711 F.Supp.3d

169, 2024 WL 99659, at *2 (E.D.N.Y. Jan. 9, 2024), citing, *e.g., Azeez*, supra, 2018 WL 4017580, at *6 (E.D.N.Y. Aug. 22, 2018) *Flanagan*, supra, 2023 WL 6594885, at *8 (E.D.N.Y. Aug. 25, 2023).

Plaintiffs argue that Defendant Officers should not be dismissed because they claim injunctive and declaratory relief. First, because all official capacity claims should be dismissed, all claims for injunctive relief should likewise be dismissed. *See, Goss v. City of New London,* No. 3:20CV01507(SALM), 2022 WL 375462, at *4 (D.Conn. 2022). A complaint alleging a §1983 claim must allege all elements of the constitutional claim upon which the §1983 claim is based. Here, even assuming *arguendo* that Plaintiffs' *Monell* claim is actionable under §1983, Plaintiffs have failed to state a facially plausible §1983 claim for violation of due process or equal protection. A federal statutory or constitutional violation is the necessary predicate for a §1983 action. *Taylor v. Norwalk Cmty. Coll.*, No. 313CV1889CSH, 2015 WL 5684033, at *21 (D.Conn. 2015).

Injunctive or declaratory relief "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Id.* Even assuming *arguendo* Plaintiffs sufficiently allege prospective injunctive relief, they allege no facts claiming any likelihood of future injury to them. *Stack v. City of Hartford*, 170 F. Supp. 2d 288, 294 (D.Conn. 2001); see *also Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998). *See, Goss v. City of New London,* No. 3:20CV01507(SALM), 2022 WL 375462, at *4 (D.Conn. 2022).

For these reasons, the Plaintiffs' claim against the Defendant Officers should be dismissed.

**THE DEFENDANTS:**
**CITY OF HARTFORD, COREY CLARK,**
**GERALD MORGAN and RODNEY HARRIS,**
**IN THEIR OFFICIAL CAPACITIES**


By: /s/Nathalie Feola-Guerrieri
Nathalie Feola-Guerrieri
Senior Assistant Corporation Counsel
550 Main Street, Suite 210
Hartford, CT 06103
Fed. Bar No. ct17217
Tel. (860) 757-9700
Fax (860) 722-8085
Email:  feoln001@hartford.gov

**CERTIFICATION**

This is to hereby certify that on December 12, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.:

Faisal Gill, Eq.
Gill Law Firm
1717 Pennsylvania Avenue NW
Suite 1050
Washington, DC 20006
Email: fgill@glawoffice.com

                                              /s/ Nathalie Feola-Guerrieri
                                              Nathalie Feola-Guerrieri